UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DENISE YEYE,

                        Plaintiff,

              -against-

NEWREZ LLC d/b/a SHELLPOINT
MORTGAGE SERVICING; *and* PHH
MORTGAGE CORPORATION d/b/a
PHH MORTGAGE SERVICES,

                     Defendants.
------------------------------------------------------------x

**MEMORANDUM & ORDER**

25-cv-1790 (NRM) (RML)

**NINA R. MORRISON**, United States District Judge:

Plaintiff Denise Yeye brings this case against Defendants Newrez LLC ("Newrez") and PHH Mortgage Corporation ("PHH") (collectively "Defendants"), alleging violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, and its implementing Regulation X, 12 C.F.R. § 1024.1, *et seq.*, as well as a pendent state law claim for accounting. Defendants have moved to dismiss. For the reasons outlined below, Defendants' motions are GRANTED.

## FACTUAL BACKGROUND

The following facts are drawn from Plaintiff's complaint, Compl., ECF No. 1, and are assumed to be true for purposes of this motion to dismiss. *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106–07 (2d Cir. 2021).

Plaintiff is a resident of New York and owner of a property located at 1856 Prospect Place in Brooklyn. Compl. ¶¶ 2, 13. Plaintiff is the obligor on a mortgage dated January 31, 2007, in the amount of $650,000, executed in favor of nonparty

1

Option One Mortgage Corporation ("Option One") and recorded as a lien against the Prospect Place property. *Id.* ¶ 15. An assignment of the mortgage from Option One to nonparty Wells Fargo, N.A. ("Wells Fargo"), was recorded in 2008, *id.* ¶ 16, and a subsequent assignment from nonparty Sand Canyon Corporation to Wells Fargo was recorded in 2012, *id.* ¶ 19. Plaintiff did not receive notice of any mortgage servicing transfer between the dates of the two assignments in 2008 and 2012. *Id.* ¶ 20.

Newrez and PHH are mortgage loan servicers operating in New York. Compl. ¶¶ 4, 7. Since approximately June 2019, PHH has been the servicer or subservicer of Plaintiff's mortgage. *Id.* ¶ 10.

On May 15, 2024, Plaintiff, through counsel, mailed a Qualified Written Request ("QWR") to Newrez, seeking information regarding Plaintiff's mortgage account. *Id.* ¶ 21; *see also* ECF No. 1-4 ("Newrez QWR"). On July 15, 2024, Plaintiff mailed a QWR to PHH, seeking substantially the same information. Compl. ¶ 23; *see also* ECF No. 1-5 ("PHH QWR"). Plaintiff never received the requested information or any other response from either Defendant. Compl. ¶¶ 24–26.

Plaintiff alleges that Defendants' failure to respond to the QWRs undermined her ability to understand her mortgage and redress "potential" errors in Defendants' accounting, causing her emotional distress. She further asserts that she is owed additional, statutory damages because Defendants' actions constitute a pattern and practice of noncompliance with federal regulation of the mortgage loan servicing industry. *Id.* ¶¶ 31–34.

## **PROCEDURAL BACKGROUND**

Plaintiff initiated the instant suit on April 1, 2025.  *See generally* Compl. Plaintiff advances three claims against Defendants: (1) failure to respond to borrowers' inquiries, in violation of RESPA and Regulation X, 12 U.S.C. §§ 2605(e), 2605(f) and 12 C.F.R. §§ 1024.35, 1024.36, Compl. ¶¶ 42–59; (2) failure to provide required notices, in violation of RESPA and Regulation X, 12 U.S.C. §§ 2605(b), 2605(c) and 12 C.F.R. § 1024.33, *id.* ¶¶ 60–67; and (3) state common law accounting, *id.* ¶¶ 68–76.

Defendant PHH moved for a premotion conference in anticipation of its motion to dismiss on April 14, 2025, ECF No. 9, and Defendant Newrez first answered the complaint on April 24, 2025, ECF No. 12, and subsequently also moved for a premotion conference in anticipation of its motion to dismiss, ECF No. 16.   The Court denied both motions as unnecessary and directed the parties to brief Defendants' motions to dismiss.   Dkt. Order dated July 27, 2025; Dkt. Order dated Aug. 14, 2025. Defendants' motions were fully briefed and submitted on October 27, 2025.   *See* Mot., ECF No. 21; Mem. of L. in Supp. of Mot. to Dismiss ("Newrez Mem."), ECF No. 21-1; Mem. of L. in Opp'n ("Pl. Newrez Mem."), ECF No. 28; Reply Mem. of L. ("Newrez Reply"), ECF No. 22; Mot., ECF No. 23; Mem. of L. in Supp. ("PHH Mem."), ECF No. 23-1; Mem. of L. in Opp'n ("Pl. PHH Mem."), ECF No. 24; Mem. of L. in Reply ("PHH Reply"), ECF No. 25.

Following the Court's Order referring the parties to mediation, Dkt. Order dated Oct. 29, 2025, on May 20, 2026, the parties reported that mediation was unsuccessful, ECF No. 30.

## LEGAL STANDARD

Where, as here, Defendants have moved to dismiss a complaint for failure to state a claim, courts must evaluate whether the complaint pleads "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On the other hand, if "the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the complaint must be dismissed. *Twombly*, 550 U.S. at 558. Courts at this stage "must construe [the complaint] liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiff['s] favor." *Sacerdote*, 9 F.4th at 106–07.

However, courts need not accept legal conclusions and "threadbare recitals of a cause of action's elements." *Iqbal*, 556 U.S. at 663. Complaints that advance only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "A plaintiff has to adequately allege all the elements of [a] claim in order to survive a motion to dismiss; a finding that a plaintiff has failed to plead with sufficient specificity any one of the elements is enough to support a dismissal of the claim." *Price v. City of New York*, 797 F. Supp. 2d 219,

4

229 (E.D.N.Y. 2011) (citation modified) (quoting *O'Neill v. Hernandez*, No. 08-CV-1689 (KMW) (RLE), 2009 WL 860647, at *5 (S.D.N.Y. Mar. 31, 2009)).

## DISCUSSION

### I. Plaintiff Fails to Adequately Plead Actual Damages, as Required by RESPA

"To state a claim under RESPA, a plaintiff must [1] allege that the defendant failed to comply with specific RESPA provisions and [2] identify damages that she sustained as a result of the defendant's alleged RESPA violations." *Urquizo v. Cmty. Loan Servicing LLC*, No. 24-CV-00909 (NCM) (JAM), 2025 WL 1093073, at *6 (E.D.N.Y. Apr. 11, 2025) (quoting *Bocci v. Nationstar Mortg. LLC*, No. 23-CV-1780, 2024 WL 3813756, at *8 (S.D.N.Y. June 28, 2024), *report and recommendation adopted*, 2024 WL 4326932 (Sep. 27, 2024)).  For present purposes, the Court does not reach the question of whether Plaintiff has adequately pled Defendants' failure to comply with the specific RESPA provisions she has identified, because Plaintiff has failed to sufficiently plead actual damages caused by any alleged noncompliance on the part of Defendants.  This pleading deficiency requires dismissal of Plaintiff's RESPA claims.

As an initial matter, Defendant PHH is incorrect that Plaintiff could never seek damages under RESPA for mortgage servicing errors that occurred before she mailed the QWR.  *See* PHH Mem. at 12–17;[1] *id.* at 15 ("Without any post-QWR fee addition or servicing error, PHH's alleged non-response cannot have caused preexisting obligations.").  "RESPA may be used to recover damages incurred before

---

[1] All page references use ECF pagination except where noted.

a QWR is sent." *Murray v. Newrez LLC* (*Murray I*), No. 24-CV-6160 (ARR), 2025 WL 1158090, at *7 (E.D.N.Y. Apr. 21, 2025) (citation modified); *see also Manfre v. Fay Servicing, LLC*, No. 24-CV-6067 (AMD) (LKE), 2026 WL 807179, at *4 (E.D.N.Y. Mar. 23, 2026) (noting that, "if a borrower states accurately in a QWR that certain fees were unwarranted, and the servicer does not correct the error, damages from the improper charges would be readily ascertainable" (citation omitted)).  This is so because RESPA "provides a framework for borrowers to *remedy* errors relating to the servicing of their mortgage loans." *Naimoli v. Ocwen Loan Servicing, LLC*, 22 F.4th 376, 379 (2d Cir. 2022) (emphasis added).  Limiting recovery under RESPA to damages incurred after a QWR is sent would vitiate the remedial purposes of the statute.  And Defendant PHH has offered no reason for the Court to construe RESPA to preclude a plaintiff from seeking recovery for damages stemming from servicing errors that predate a defendant's tenure as the mortgage servicer, since RESPA imposes on the current mortgage servicer an obligation, *at the time the QWR is submitted*, to provide information and correct existing errors identified by the mortgagor.

However, the problem for Plaintiff in this case is that, even generously construed, neither her QWRs nor her complaint identified any specific errors, or even potential errors, in the servicing of her loan.  *See In re Griffin*, No. 10-22431 (RDD), 2010 WL 3928610, at *6 (Bankr. S.D.N.Y. Aug. 31, 2010) ("Some error or potential error must be identified in the QWR and/or identified in the complaint.").  The QWRs

6

Plaintiff sent to Defendants do not identify any actual or potential errors; they simply request information.   *See* Newrez QWR; PHH QWR.

Nor does the complaint sufficiently identify any actual or potential errors in the accounting or servicing of her loan.   Plaintiff alleges that Defendants' failure to respond to her QWRs "imped[ed] her *ability to identify* potential account or servicing errors."   Compl. ¶ 55 (emphasis added).   Plaintiff also generally alleges that "improper fees – and the interest accruing on the increased loan balance as a result of these fees – continue to accumulate on Plaintiff's account and cause additional harm on an ongoing basis."   *Id.* ¶ 56.   Plaintiff further alleges that "Defendants' failure to correct servicing and account errors that resulted in improper fees, interest, and other charges" has caused her "actual damages," which "include, but are not limited to, increased debt and financial burden resulting from improperly imposed fees, interest, and other charges added to her loan balance, continually accruing interest on any such improper Capitalized Sums, payment of attorneys' fees and other professional retainer costs, emotional distress, and other actual damages."   *Id.* ¶ 57. Finally, Plaintiff alleges that, "[u]pon information and belief, Defendants added improper fees and charges to Plaintiff's account."   *Id.* ¶ 71.

These conclusory allegations are insufficient to satisfy the requirement under RESPA that Plaintiff "identify damages that were proximately caused by [D]efendant[s'] alleged violations of that statute."   *Murray v. Newrez LLC* (*Murray II*), No. 24-CV-6160 (ARR), 2025 WL 2773068, at *3 (E.D.N.Y. Sep. 29, 2025).   A RESPA plaintiff must identify some factual basis for the assertion that a servicing

7

error caused damages to the plaintiff.    *See Kapsis v. Am. Home Mortg. Servicing Inc.*, 923 F. Supp. 2d 430, 448 (E.D.N.Y. 2013) (denying a motion to dismiss where a RESPA plaintiff "identified, in his amended complaint, specific errors or potential errors on the part of [the defendant]" that amounted to a misapplication of mortgage payments); *Izmirligil v. Select Portfolio Servicing, Inc.*, No. 18-CV-7043 (PKC) (LB), 2020 WL 1941319, at *9 & n.22 (E.D.N.Y. Apr. 22, 2020) (noting that, to sufficiently plead a RESPA claim, a plaintiff must allege "facts to show what *specific damages* he suffered" and "specify what damages . . . flowed from each of the alleged QWRs" (emphasis added)); *Bonadio v. PHH Mortg. Corp.*, No. 12-CV-3421 (VB), 2014 WL 522784, at *6 (S.D.N.Y. Jan. 31, 2014) ("Simply saying that . . . the servicer's failure to respond to a QWR caused damages without specifying *how* those damages were caused is not enough to survive a motion to dismiss." (citation modified) (emphasis added) (citation omitted)); *cf. Murray II*, 2025 WL 2773068, at *3 (noting that a RESPA plaintiff identified "*per diem* interest of $8.18 on the improper Capitalized Sums totaling at least $70,277.15" as actual damages, but dismissing the claim on other grounds).

Here, Plaintiff not only fails to identify any specific error that caused her injury, but she also fails to plead any facts to support her assertion that unspecified fees or charges were "improperly" applied to her account.[2]    She has generally pled

---

[2] In her opposition brief, Plaintiff comes closer to articulating a factual basis for actual damages when she describes her current mortgage account as a "massive, unexplained, and potentially erroneous debt."    Pl. PHH Mem. at 14–15.    However, "allegations raised for the first time in an opposition brief cannot defeat a motion to dismiss, because allegations in an opposition brief do not amend a complaint."

that, "upon information and belief," Defendants improperly serviced her loan, but has failed to plead any factual allegations showing *how* they allegedly did so — much less how their actions *caused* her any injury that is compensable under RESPA. *See Jones v. Select Portfolio Servicing, Inc.*, No. 08-CV-972, 2008 WL 1820935, at \*10 (E.D. Pa. Apr. 22, 2008) (dismissing a RESPA claim because, *inter alia*, the complaint did not "allege any specific damage suffered by [p]laintiff as a result of the alleged RESPA violations" (citation modified) (citation omitted)).   As pled, these allegations of actual damages are too "nebulous" and "speculative" to state a claim under RESPA. *In re Griffin*, 2010 WL 3928610, at \*6.

Plaintiff also asserts two other forms of actual damages that do not arise from the allegedly improper servicing of her underlying loan.   But these claims, too, are unavailing.   First, Plaintiff asserts that "[out-of-pocket] expenses [incurred in preparing and sending the QWR] become a direct, pecuniary loss recoverable as actual damages."   Pl. PHH Mem. at 13.   However, while "[c]osts incurred *after* an

---

*Leckie v. City of New York*, No. 19-CV-6719 (PGG) (RWL), 2023 WL 3168699, at \*5 (S.D.N.Y. May 1, 2023).   The Court does not consider this characterization from Plaintiff's brief in its evaluation of the sufficiency of the operative complaint's factual allegations.   Notably, the complaint itself lacks the sort of factual allegations in this vein that might have been sufficient to defeat a motion to dismiss — *i.e.*, laying out with specificity how much Plaintiff believes her debt should be and why that is the case; comparing the stated debt on her account to her anticipated debt to show that the stated debt is significantly larger than it should be; or identifying discrete, specific improper charges or other servicing errors impacting her mortgage account, *see Sutton v. CitiMortgage, Inc.*, 228 F. Supp. 3d 254, 276 (S.D.N.Y. 2017) (stating that "readily ascertainable damages" under RESPA include "an unwarranted service charge or an inflated monthly mortgage payment").   To the extent that Plaintiff has a good faith basis to plead such facts, however, she may include them in an amended complaint if she chooses to file one pursuant to this Court's instructions *infra*.

incomplete or insufficient response are recoverable under RESPA, [] costs incurred before the violation occurred, such as the expenses of preparing an initial request for information, cannot serve as the basis for actual damages." *Tanasi v. CitiMortgage, Inc.*, 257 F. Supp. 3d 232, 271 (D. Conn. 2017) (citation modified) (emphasis added) (citation omitted).   Plaintiff has pled that she mailed one QWR to Defendant Newrez and one QWR to Defendant PHH.   Compl. ¶¶ 21, 23.   She does not allege, however, that either of these two initial QWRs were followed by additional QWRs or other communications to either Defendant, *i.e.,* costs that a plaintiff could claim as actual damages.   *See Jackson v. Caliber Home Loans*, No. 18-CV-4282 (NG) (CLP), 2019 WL 3426240, at *8 (E.D.N.Y. July 30, 2019) ("Costs incurred *after* an incomplete or insufficient response may be recoverable under RESPA . . . ." (emphasis added)); *Tanasi*, 257 F. Supp. 3d at 271 ("The [plaintiffs], therefore, can only claim compensatory damages that relate to costs that they incurred *after* [defendant] allegedly failed to respond to their requests for information.   They cannot recover for costs related to 'preparing' and 'submitting requests for information,' to the extent that these costs involve the [plaintiffs'] initial requests for information." (emphasis added) (citation omitted)).

Second, Plaintiff argues that severe emotional distress, related to "making substantial monthly payments on a massive, unexplained, and potentially erroneous debt while being unlawfully denied the means to verify it," constitutes actual damages cognizable under RESPA.   Pl. PHH Mem. at 14–15.   However, the complaint does not explain how Defendants' alleged violations of RESPA caused her

emotional distress, instead simply invoking emotional distress from a "potentially erroneous debt" as an injury.  Compl. ¶¶ 57, 65.  These allegations of emotional distress are "conclusory and unsupported, [and] therefore fail[] as a matter of law." *Kilgore v. Ocwen Loan Servicing, LLC*, 89 F. Supp. 3d 526, 539–40 (E.D.N.Y. 2015) (collecting cases).

Because Plaintiff has failed to allege actual damages proximately caused by Defendants' alleged violations of RESPA, her RESPA claims fail.[3]  Accordingly, Defendants' motions as to Count One and Count Two are GRANTED.

## II.    The Court Declines to Exercise Supplemental Jurisdiction over Plaintiff's State Law Claim

Plaintiff additionally raises a state law claim for accounting.  Compl. ¶¶ 68–76.  A district court "may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  The Supreme Court has indicated that "decisions of state law should be avoided both as a matter of comity and to promote justice between the parties," and that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."  *United Mine Workers v.*

---

[3] Plaintiff has also sought statutory damages, alleging a pattern and practice of noncompliance with RESPA's requirements on the part of Defendants.  However, where a plaintiff "has failed to assert actual damages, [s]he cannot independently premise [her] Section 2605 claim on statutory damages." *Rosendale v. Mr. Cooper Grp. Inc.*, No. 19-CV-9263 (NSR), 2021 WL 4066821, at *13 (S.D.N.Y. Sep. 7, 2021) (collecting cases).  Accordingly, because the Court concludes that the complaint insufficiently pleads actual damages, the Court does not reach the question of whether the complaint adequately pleads a pattern and practice of noncompliance that would entitle Plaintiff to statutory damages.

*Gibbs*, 383 U.S. 715, 726 (1966); *see also Denney v. Deutsche Bank AG*, 443 F.3d 253, 266 (2d Cir. 2006) ("A district court usually should decline the exercise of supplemental jurisdiction when all federal claims have been dismissed at the pleading stage."). There is no reason to depart from that general rule here. Accordingly, Defendants' motions as to Count Three are GRANTED.

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are GRANTED in their entirety. Plaintiff's complaint is dismissed without prejudice. Plaintiff may file an amended complaint within 30 days. All further proceedings are stayed for 30 days. If Plaintiff does not file an amended complaint within 30 days, judgment shall be entered dismissing the case.

**SO ORDERED.**

/s/ *Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated:       July 9, 2026
             Brooklyn, New York

12